■ BRUCE SATENSPIEL, Appellant, v NANCY SATENSPIEL, Respondent.— In a matrimonial action, plaintiff appeals, as limited by his notice of appeal and brief, from so much of a judgment of divorce of the Supreme Court, Kings County, dated May 12, 1976, as (1) fixed child support at the amount of $40 per week, (2) awarded a counsel fee, (3) ordered the posting of security for the payment of child support and (4) ordered the sale of the former marital residence. Judgment affirmed insofar as appealed from, with costs. The award of child support was reasonable in view of the circumstances of the parties. The fact that the husband, who is unemployed, has been receiving an income of only $95 per week in the form of unemployment insurance is not determinative. Testimony at the trial indicates that the husband quit his well-paying job and left his wife in order to live with his paramour in Canada and that he has not since seriously attempted to find a job commensurate with his ability (see *Hickland v Hickland,* 39 NY2d 1). Similarly, we find that the award of counsel fees was proper under the circumstances (see Domestic Relations Law, § 237, subd [a]). We have considered the other points raised by appellant and have found them to be without merit. Hopkins, Acting P. J., Latham, Damiani and Rabin, JJ., concur.

■ ALVARO SCARDAPANE, Appellant, v NASSAU RECYCLE CORP., Respondent.—In an action, *inter alia,* to recover damages predicated upon the breach of an employment agreement, plaintiff appeals from an order of the Supreme Court, Richmond County, dated August 3, 1976, which granted defendant's motion to dismiss the complaint for failure to state a cause of action (see CPLR 3211, subd [a], par 7). Order affirmed, with $50 costs and disbursements. The complaint fails to state a cause of action. Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.

■ GEORGE A. SOMMER, Appellant-Respondent, v SAL FUCCI, Doing Business as AAMCO TRANSMISSIONS, et al., Respondents-Appellants.—In an action to recover damages for personal injuries predicated upon claims of negligence and breach of warranty, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County, dated November 7, 1975, as ordered a new trial on the question of damages only unless he consented to a reduction of the jury verdict from $75,000 to $40,000, (2) defendant Fucci cross-appeals, as limited by his brief, from so much of the same order as failed to condition the ordering of a new trial upon the acceptance by plaintiff of an amount less than $40,000 and (3) defendant Aamco Automatic Transmissions Inc. (Aamco) cross-appeals from so much of the same order as failed to grant its motion to set aside the verdict and dismiss the complaint. Order affirmed insofar as appealed from, with one bill of costs to plaintiff, payable jointly by defendants. The amount of the verdict was not warranted on this record (cf. *Senko v Fonda,* 53 AD2d 638). The finding of liability by the jury against defendant Aamco is supported by the evidence adduced at the trial. We have considered the other contentions raised on appeal and find them to be without merit. Martuscello, Acting P. J., Cohalan, Rabin and Suozzi, JJ., concur.